# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

No. 03-2463
01-1010 ADM/JSM

| | | |
|---|---|---|
| Lynn Murray, a minor, by Lesa Murray, her mother and natural guardian; Lesa Murray, individually, | * | |
| Appellants, | * | |
| v. | * | Appeal from the United States District Court for the District of Minnesota. |
| United States of America; Department of the Army, | * | |
| Appellees. | * | |

Submitted: May 14, 2004
Filed: August 27, 2004

Before LOKEN, Chief Judge, SMITH, Circuit Judge, and DORR,[1] District Judge.

SMITH, Circuit Judge.

Seventeen-year-old Jessica Ann Baker and fourteen-year-old Lynn Murray were involved in a tragic single-car automobile accident. Baker, the driver, was en route to Westbrook-Walnut Grove High School where she and Murray were students.

[1] The Honorable Richard E. Dorr, United States District Judge for the Western District of Missouri, sitting by designation.

SCANNED
OCT 25 2004
U.S. DISTRICT COURT MPLS

On the way, Baker lost control of the car and was killed. Her passenger, Murray, was severely injured. Murray (and her mother) filed suit against the United States of America, under the Federal Tort Claims Act (FTCA).[2] 28 U.S.C. § 1346(b)(1). In her suit, Murray alleged that Baker was a member of the Minnesota Army National Guard's "Delayed Training Program," which allowed Baker to satisfy her training obligation by attending school "in proper uniform for not less than four (4) hours each training period." Murray's complaint further alleged that Baker was wearing her uniform as she drove to school, and–at the moment of the collision–Baker was engaged in a recruitment conversation with Murray. Additionally, Murray alleged that Baker was transporting National Guard recruitment brochures in her vehicle on the day of the accident. Thus, Murray contends that the government is liable for her injuries under the FTCA.

The district court[3] granted summary judgment in favor of the government and dismissed the case. Murray appeals the grant of summary judgment and urges that the district court erred when it determined that she failed to state a claim under the FTCA. The district court found that Baker was neither a federal employee nor was she acting within the scope of her federal employment at the time of the accident. We review the grant of summary judgment de novo. *Gen. Trading Int'l, Inc. v. Wal-Mart Stores, Inc.*, 320 F.3d 831, 835 (8th Cir. 2003). After our review of the record, we agree that–at the time of the accident–Baker was not a federal employee. *Walsh v. United States*, 31 F.3d 696, 699 (8th Cir. 1994). Consequently, Murray's claim of negligence under the FTCA cannot stand. *St. John v. United States*, 240 F.3d 671, 676 (8th Cir. 2001). Accordingly, we affirm based on the well-reasoned opinion of the district court. *See* 8th Cir. R. 47B.

A TRUE COPY OF THE ORIGINAL
MICHAEL E. GANS, CLERK
UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT
BY: Michael E. Gans

---

[2] Murray also has claims pending in Minnesota state court.

[3] The Honorable Ann D. Montgomery, United States District Judge for the District of Minnesota.